## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SOFTWARE RESTORE SOLUTIONS, LLC, an Illinois limited liability company, | ) No. 1:10-cv-03628 |
| | ) |
| | ) The Honorable Virginia M. Kendall |
| Plaintiff, | ) |
| | ) Magistrate Judge Arlander Keys |
| v. | ) |
| | ) **ANSWER AND** |
| APPLE, INC., a California corporation, | ) **COUNTERCLAIMS** |
| ACTIVISION BLIZZARD, INC., a Delaware | ) |
| corporation, ADOBE SYSTEMS, INC., a | ) **JURY TRIAL DEMANDED** |
| Delaware corporation, AUTODESK, INC., a | ) |
| Delaware corporation, CAPCOM U.S.A., INC., a | ) |
| California corporation, CITRIX SYSTEMS, INC., | ) |
| a Delaware corporation, COREL CORP., a | ) |
| Canadian corporation, COREL, INC., a | ) |
| Delaware corporation, DASSAULT SYSTEMES, | ) |
| CORP., a Delaware corporation, DELCAM | ) |
| USA, INC., a Utah corporation, SQUARE ENIX, | ) |
| INC., a Washington corporation, ELECTRONIC | ) |
| ARTS, INC., a Delaware corporation, | ) |
| FRONTRANGE SOLUTIONS, INC., a Delaware | ) |
| corporation, INTERNATIONAL BUSINESS | ) |
| MACHINES CORP., a New York corporation, | ) |
| INTUIT, INC., a Delaware corporation, KONAMI | ) |
| DIGITAL ENTERTAINMENT, INC., an Illinois | ) |
| corporation, MAXIMIZER SOFTWARE, INC., a | ) |
| Canadian corporation, NUANCE | ) |
| COMMUNICATIONS, INC., a Delaware | ) |
| corporation, PARAMETRIC TECHNOLOGY | ) |
| CORP., a Massachusetts corporation, | ) |
| SAGE SOFTWARE, INC., a Virginia corporation, | ) |
| SEGA OF AMERICA, INC., a California | ) |
| corporation, SKYPE, INC., a Delaware | ) |
| corporation, SPSS, INC., a Delaware | ) |
| corporation, TERADATA CORP., a Delaware | ) |
| corporation, THQ, INC., a Delaware | ) |
| corporation, and LEGACY INTERACTIVE, INC., a) |
| California corporation, | ) |
| | ) |
| Defendants. | ) |

1

## DEFENDANT NUANCE COMMUNICATIONS, INC.'S ANSWER AND

## COUNTERCLAIMS TO SOFTWARE RESTORE SOLUTIONS, LLC'S

## COMPLAINT

Defendant Nuance Communications, Inc. ("Nuance") by and through its undersigned counsel, hereby responds to Plaintiff Software Restore Solutions, LLC ("SRS")'s Complaint as follows:

### NATURE OF ACTION

This is an action for patent infringement pursuant to 35 U.S.C. § 271. The patented technology relates to software-based methods and systems for the efficient management of the set-up configuration of computer software applications. The patented technology enables, among other features, the automatic detection and resetting of computer software to a preferred configuration status upon discovery of certain configuration discrepancies. The Defendants each make, use, offer to sell, sell and/or import software that incorporates the patented technology.

**ANSWER:** Nuance admits that SRS purports to bring a claim for patent infringement pursuant to 35 U.S.C. § 271. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph pertaining to the other Defendants, and, on that basis, denies those allegations. Nuance denies the remaining allegations set forth in the "Nature of Action" of the Complaint.

### THE PARTIES

1. SRS is a limited liability company organized and existing under the laws of the State of Illinois with its principal place of business at 707 Skokie Boulevard, Suite 600, Northbrook, Illinois 60062. SRS is in the business of licensing its patented technology.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 1 of the Complaint, and, on that basis, denies those allegations.

2

2.      Apple is a corporation incorporated under the laws of the State of California with its principal place of business at 1 Infinite Loop, Cupertino, California, 95014.  Apple, by itself, and through one or more other entities owned, controlled or otherwise affiliated with Apple, conducts business in and is doing business in Illinois and in this District and elsewhere in the United States, including, without limitation, supplying, promoting, offering to sell and selling software and other products to customers in this District.  Apple is registered to do business in Illinois and has a designated registered agent in Illinois for purposes of service of process.

**ANSWER:**    Nuance is without knowledge or information sufficient to form a

belief as to the truth of the statements in Paragraph 2 of the Complaint, and, on that basis,

denies those allegations.

3.      Activision is a corporation incorporated under the laws of the State of Delaware with its principal place of business at 3100 Ocean Park Boulevard, Santa Monica, California 90405.  Activision, by itself, and through one or more other entities owned, controlled or otherwise affiliated with Activision, conducts business in and is doing business in Illinois and in this District and elsewhere in the United States, including, without limitation, supplying, promoting, offering to sell and selling software products to customers in this District.

**ANSWER:**    Nuance is without knowledge or information sufficient to form a

belief as to the truth of the statements in Paragraph 3 of the Complaint, and, on that basis,

denies those allegations.

4.      Adobe is a corporation incorporated under the laws of the State of Delaware with its principal place of business at 345 Park Avenue, San Jose, California 95110.  Adobe, by itself, and through one or more other entities owned, controlled or otherwise affiliated with Adobe, conducts business in and is doing business in Illinois and in this District and elsewhere in the United States, including, without limitation, supplying, promoting, offering to sell and selling software products to customers in this District.  Adobe is registered to do business in Illinois and has a designated registered agent in Illinois for purposes of service of process.

**ANSWER:**    Nuance is without knowledge or information sufficient to form a

belief as to the truth of the statements in Paragraph 4 of the Complaint, and, on that basis,

denies those allegations.

5.    Autodesk is a corporation incorporated under the laws of the State of Delaware with its principal place of business at 111 McInnis Parkway, San Rafael, California 94903. Autodesk, by itself, and through one or more other entities owned, controlled or otherwise affiliated with Autodesk, conducts business in and is doing business in Illinois and in this District and elsewhere in the United States, including, without limitation, supplying, promoting, offering to sell and selling software products to customers in this District. Autodesk is registered to do business in Illinois and has a designated registered agent in Illinois for purposes of service of process.

**ANSWER:**    Nuance is without knowledge or information sufficient to form a

belief as to the truth of the statements in Paragraph 5 of the Complaint, and, on that basis,

denies those allegations.

6.    Capcom is a corporation incorporated under the laws of the State of California with its principal place of business at 800 Concar Drive, San Mateo, California 94402. Capcom, by itself, and through one or more other entities owned, controlled or otherwise affiliated with Capcom, conducts business in and is doing business in Illinois and in this District and elsewhere in the United States, including, without limitation, supplying, promoting, offering to sell and selling software products to customers in this District.

**ANSWER:**    Nuance is without knowledge or information sufficient to form a

belief as to the truth of the statements in Paragraph 6 of the Complaint, and, on that basis,

denies those allegations.

7.    Citrix is a corporation incorporated under the laws of the State of Delaware with its principal place of business at 851 West Cypress Creek Road, Fort Lauderdale, Florida 33309. Citrix, by itself, and through one or more other entities owned, controlled or otherwise affiliated with Citrix, conducts business in and is doing business in Illinois and in this District and elsewhere in the United States, including, without limitation, supplying, promoting, offering to sell and selling software products to customers in this District. Citrix is registered to do business in Illinois and has a designated registered agent in Illinois for purposes of service of process.

**ANSWER:**    Nuance is without knowledge or information sufficient to form a

belief as to the truth of the statements in Paragraph 7 of the Complaint, and, on that basis,

denies those allegations.

8.     Corel Corp. is a corporation organized under the laws of the Country of Canada with its principal place of business at 1600 Carling Avenue, Ottawa, Ontario K 1 Z 8R7 Canada.  Corel Corp., by itself, and through one or more other entities owned, controlled or otherwise affiliated with Corel Corp., conducts business in and is doing business in Illinois and in this District and elsewhere in the United States, including, without limitation, supplying, promoting, offering to sell and selling software products to customers in this District.

**ANSWER:**     Nuance is without knowledge or information sufficient to form a

belief as to the truth of the statements in Paragraph 8 of the Complaint, and, on that basis,

denies those allegations.

9.     Corel, Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business at 385 Ravendale Drive, Mountain View, California 94043.  Corel, Inc., by itself, and through one or more other entities owned, controlled or otherwise affiliated with Corel, Inc., conducts business in and is doing business in Illinois and in this District and elsewhere in the United States, including, without limitation, supplying, promoting, offering to sell and selling software products to customers in this District. Corel, Inc. is registered to do business in Illinois and has a designated registered agent in Illinois for purposes of service of process.

**ANSWER:**     Nuance is without knowledge or information sufficient to form a

belief as to the truth of the statements in Paragraph 9 of the Complaint, and, on that basis,

denies those allegations.

10.     Dassault is a corporation incorporated under the laws of the State of Delaware with its principal place of business at 2 MacArthur Place, Santa Ana, California 92707.  Dassault, by itself, and through one or more other entities owned, controlled or otherwise affiliated with Dassault, conducts business in and is doing business in Illinois and in this District and elsewhere in the United States, including, without limitation, supplying, promoting, offering to sell and selling software products to customers in this District.

**ANSWER:**     Nuance is without knowledge or information sufficient to form a

belief as to the truth of the statements in Paragraph 10 of the Complaint, and, on that

basis, denies those allegations.

11.     Delcam is a corporation incorporated under the laws of the State of Utah with its principal place of business at 275 East South Temple, Salt Lake City, Utah

84111. Delcam, by itself, and through one or more other entities owned, controlled or otherwise affiliated with Delcam, conducts business in and is doing business in Illinois and in this District and elsewhere in the United States, including, without limitation, supplying, promoting, offering to sell and selling software products to customers in this District.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 11 of the Complaint, and, on that basis, denies those allegations.

12. Square Enix is a corporation incorporated under the laws of the State of Washington with its principal place of business at 999 North Sepulveda Boulevard, El Segundo, California 90245. Square Enix, by itself, and through one or more other entities owned, controlled or otherwise affiliated with Square Enix, conducts business in and is doing business in Illinois and in this District and elsewhere in the United States, including, without limitation, supplying, promoting, offering to sell and selling software products to customers in this District.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 12 of the Complaint, and, on that basis, denies those allegations.

13. EA is a corporation incorporated under the laws of the State of Delaware with its principal place of business at 209 Redwood Shores Parkway, Redwood City, California 94065. EA, by itself, and through one or more other entities owned, controlled or otherwise affiliated with EA, conducts business in and is doing business in Illinois and in this District and elsewhere in the United States, including, without limitation, supplying, promoting, offering to sell and selling software products to customers in this District. EA is registered to do business in Illinois and has a designated registered agent in Illinois for purposes of service of process.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 13 of the Complaint, and, on that basis, denies those allegations.

14. Frontrange is a corporation incorporated under the laws of the State of Delaware with its principal place of business at 5675 Gibraltar Drive, Pleasanton, California 94588. Frontrange, by itself, and through one or more other entities owned, controlled or otherwise affiliated with Frontrange, conducts business in and is doing

business in Illinois and in this District and elsewhere in the United States, including, without limitation, supplying, promoting, offering to sell and selling software products to customers in this District.

**ANSWER:** Nuance is without knowledge or information sufficient to form a

belief as to the truth of the statements in Paragraph 14 of the Complaint, and, on that

basis, denies those allegations.

15.    IBM is a corporation incorporated under the laws of the State of New York with its principal place of business at New Orchard Road, Armonk, New York 10504. IBM, by itself, and through one or more other entities owned, controlled or otherwise affiliated with IBM, conducts business in and is doing business in Illinois and in this District and elsewhere in the United States, including, without limitation, supplying, promoting, offering to sell and selling software and other products to customers in this District. IBM is registered to do business in Illinois and has a designated registered agent in Illinois for purposes of service of process.

**ANSWER:** Nuance is without knowledge or information sufficient to form a

belief as to the truth of the statements in Paragraph 15 of the Complaint, and, on that

basis, denies those allegations.

16.    Intuit is a corporation incorporated under the laws of the State of Delaware with its principal place of business at 2700 Coast Avenue, Mountain View, California 94043. Intuit, by itself, and through one or more other entities owned, controlled or otherwise affiliated with Intuit, conducts business in and is doing business in Illinois and in this District and elsewhere in the United States, including, without limitation, supplying, promoting, offering to sell and selling software products to customers in this District.

**ANSWER:** Nuance is without knowledge or information sufficient to form a

belief as to the truth of the statements in Paragraph 16 of the Complaint, and, on that

basis, denies those allegations.

17.    Konami is a corporation incorporated under the laws of the State of Illinois with its principal place of business at 2381 Rosecrans Avenue, El Segundo, California 90245. Konami, by itself, and through one or more other entities owned, controlled or otherwise affiliated with Konami, conducts business in and is doing business in Illinois and in this District and elsewhere in the United States, including, without limitation, supplying, promoting, offering to sell and selling software products to

customers in this District. Konami is registered to do business in Illinois and has a designated registered agent in Illinois for purposes of service of process.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 17 of the Complaint, and, on that basis, denies those allegations.

18. Maximizer is a corporation organized under the laws of the Country of Canada with its principal place of business at 1090 West Pender Street, Vancouver, British Columbia V6E 2N7 Canada. Maximizer, by itself, and through one or more other entities owned, controlled or otherwise affiliated with Maximizer, conducts business in and is doing business in Illinois and in this District and elsewhere in the United States, including, without limitation, supplying, promoting, offering to sell and selling software products to customers in this District.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 18 of the Complaint, and, on that basis, denies those allegations.

19. Nuance is a corporation incorporated under the laws of the State of Delaware with its principal place of business at 1 Wayside Road, Burlington, Massachusetts 01803. Nuance, by itself, and through one or more other entities owned, controlled or otherwise affiliated with Nuance, conducts business in and is doing business in Illinois and in this District and elsewhere in the United States, including, without limitation, supplying, promoting, offering to sell and selling software products to customers in this District.

**ANSWER:** Nuance admits that it is a corporation organized and existing under the laws of the State of Delaware. Nuance admits that it has a principal place of business at 1 Wayside Road, Burlington, Massachusetts 01803. Nuance admits that it conducts business in and is doing business in the United States. Nuance admits that some of its products are sold in this District. Except as admitted expressly herein, Nuance denies the allegations in Paragraph 19 of the Complaint.

20. PTC is a corporation incorporated under the laws of the State of Massachusetts with its principal place of business at 140 Kendrick Street, Needham,

Massachusetts 02494. PTC, by itself, and through one or more other entities owned, controlled or otherwise affiliated with PTC, conducts business in and is doing business in Illinois and in this District and elsewhere in the United States, including, without limitation, supplying, promoting, offering to sell and selling software products to customers in this District. PTC is registered to do business in Illinois and has a designated registered agent in Illinois for purposes of service of process.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 20 of the Complaint, and, on that basis, denies those allegations.

21. Sage is a corporation incorporated under the laws of the State of Virginia with its principal place of business at 56 Technology Drive, Irvine, California 92618. Sage, by itself, and through one or more other entities owned, controlled or otherwise affiliated with Sage, conducts business in and is doing business in Illinois and in this District and elsewhere in the United States, including, without limitation, supplying, promoting, offering to sell and selling software products to customers in this District.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 21 of the Complaint, and, on that basis, denies those allegations.

22. SEGA is a corporation incorporated under the laws of the State of California with its principal place of business at 350 Rhode Island Street, San Francisco, California 94103. SEGA, by itself, and through one or more other entities owned, controlled or otherwise affiliated with SEGA, conducts business in and is doing business in Illinois and in this District and elsewhere in the United States, including, without limitation, supplying, promoting, offering to sell and selling software products to customers in this District. SEGA is registered to do business in Illinois and has a designated registered agent in Illinois for purposes of service of process.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 22 of the Complaint, and, on that basis, denies those allegations.

23. Skype is a corporation incorporated under the laws of the State of Delaware with its principal place of business at 2145 Hamilton Avenue, San Jose, California 95125. Skype, by itself, and through one or more other entities owned, controlled or otherwise affiliated with Skype, conducts business in and is doing business

in Illinois and in this District and elsewhere in the United States, including, without limitation, supplying, promoting, offering to sell and selling software products and telecommunication services to customers in this District.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 23 of the Complaint, and, on that basis, denies those allegations.

24. SPSS is a corporation incorporated under the laws of the State of Delaware with its principal place of business at 233 South Wacker Drive, Chicago, Illinois 60606. SPSS, by itself, and through one or more other entities owned, controlled or otherwise affiliated with SPSS, conducts business in and is doing business in Illinois and in this District and elsewhere in the United States, including, without limitation, supplying, promoting, offering to sell and selling software products to customers in this District. SPSS is registered to do business in Illinois and has a designated registered agent in Illinois for purposes of service of process.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 24 of the Complaint, and, on that basis, denies those allegations.

25. Teradata is a corporation incorporated under the laws of the State of Delaware with its principal place of business at 2835 Miami Village Drive, Dayton, Ohio 45342. Teradata, by itself, and through one or more other entities owned, controlled or otherwise affiliated with Teradata, conducts business in and is doing business in Illinois and in this District and elsewhere in the United States, including, without limitation, supplying, promoting, offering to sell and selling software products to customers in this District. Teradata is registered to do business in Illinois and has a designated registered agent in Illinois for purposes of service of process.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 25 of the Complaint, and, on that basis, denies those allegations.

26. THQ is a corporation incorporated under the laws of the State of Delaware with its principal place of business at 29903 Agoura Road, Agoura Hills, California 91301. THQ, by itself, and through one or more other entities owned, controlled or otherwise affiliated with THQ, conducts business in and is doing business in Illinois and in this District and elsewhere in the United States, including, without limitation,

supplying, promoting, offering to sell and selling software products to customers in this District.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 26 of the Complaint, and, on that basis, denies those allegations.

27. Legacy is a corporation incorporated under the laws of the State of California with its principal place of business at 617 West 7th Street, Los Angeles, California 90017. Legacy, by itself, and through one or more other entities owned, controlled or otherwise affiliated with Legacy, conducts business in and is doing business in Illinois and in this District and elsewhere in the United States, including, without limitation, supplying, promoting, offering to sell and selling software products to customers in this District.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 27 of the Complaint, and, on that basis, denies those allegations.

## JURISDICTION AND VENUE

28. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Nuance admits that SRS's Complaint purports to be an action for infringement of a United States patent, arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq. Nuance admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

29. On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Illinois Long Arm Statute, due at least to its substantial business conducted in this forum, including having (i) solicited business in the State of Illinois, transacted business within the State of Illinois and attempted to derive financial benefit from residents of the State of Illinois, including benefits directly related to the instant patent infringement causes of action set forth herein; (ii) having placed its products and services into the stream of commerce throughout the United States and having transacted business in Illinois and in this District; and (iii) either alone or in conjunction with others, having committed acts of

infringement within this District, induced others to commit acts of infringement within this District, and/or contributed to infringing activities within this District.

**ANSWER:** Nuance denies that it has committed acts of infringement or induced or contributed to others' acts of infringement in this district. Nuance admits that it is subject to this Court's personal jurisdiction for purposes of this case only. Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph pertaining to the other Defendants, and, on that basis, denies those allegations. Nuance denies the remaining allegations in Paragraph 29 of the Complaint.

30. Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because each Defendant is subject to personal jurisdiction in this District, resides in, has regularly conducted business in this District and/or has committed acts of patent infringement in this District.

**ANSWER:** Nuance denies that it has committed acts of patent infringement in this district. Nuance admits that venue is proper in this Court for this case under 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b). Nuance is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph pertaining to the other Defendants, and, on that basis, denies those allegations. Nuance denies the remaining allegations in Paragraph 29 of the Complaint.

## INFRINGEMENT OF THE '511 PATENT

31. Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 to 30, as if fully set forth herein.

**ANSWER:** Nuance hereby repeats its responses to Paragraphs 1-30 of the Complaint, as if fully set forth herein.

32. On November 3, 1998, U.S. Patent No. 5,832,511 ("the '511 patent"), entitled "Workgroup Network Manager For Controlling The Operation Of Workstations Within The Computer Network," a copy of which is attached hereto as Exhibit A, was

duly and legally issued to inventors Robert E. Beck and Ronald L. Schoenberger. The inventors originally assigned all right, title and interest in the '511 patent to Beck Systems, Inc., an Illinois corporation having a place of business in Arlington Heights, Illinois. Beck Systems, Inc. subsequently assigned all of its right, title and interest in the '511 patent to Acacia Patent Acquisition LLC, which further assigned all right, title and interest in the '511 patent to SRS. SRS is currently the exclusive owner of the '511 patent and has the right to sue for and recover all past, present and future damages and other legal and equitable relief available for infringement of the '511 patent.

**ANSWER:** Nuance admits that U.S. Patent No. 5,832,511 ("the '511 patent") is entitled "Workgroup Network Manager For Controlling The Operation Of Workstations Within The Computer Network." Nuance admits that the '511 patent states on its face that it was issued on November 3, 1998, and that the '511 patent lists on its face Robert Earl Beck and Ronald L. Schoenberger as inventors. Nuance admits that the '511 patent lists on its face Beck Systems, Inc., as assignee. Nuance admits a copy of the '511 patent is attached as Exhibit A to the complaint. Nuance denies that the '511 patent was duly and legally issued. Nuance denies that it infringes the '511 patent and denies that there is any basis for any damages or any legal or equitable relief from Nuance. Nuance is without knowledge or information sufficient to form a belief as to the truth of the remaining statements in Paragraph 32 of the Complaint, and, on that basis, denies those allegations.

33.     Defendant Apple, by itself and/or its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claim 32 of the '511 patent pursuant to 35 U.S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District. Apple has been and is engaged in direct infringing activities with respect to at least the Apple iTunes software application products and possibly other products, which have been designed to enable automated repair functionality for automatically resetting the software application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused Apple Software").

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 33 of the Complaint, and, on that basis, denies those allegations.

34.     Defendant Apple has practiced and continues to practice infringing methods by at least one or more of: (1) providing, selling and/or offering for sale the Accused Apple Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Apple in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Apple on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Apple Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Apple is further liable for direct infringement of at least claim 32 of the '511 patent because it practices, directs and controls the accused methods, including any steps thereof which may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused Apple Software, such that Apple is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 34 of the Complaint, and, on that basis, denies those allegations.

35.     Plaintiff pleads in the alternative that Apple, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement by end users of the Accused Apple Software of at least claim 32 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one or more of: (1) providing, selling and/or offering for sale the Accused Apple Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Apple in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Apple on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Apple Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Apple has engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct infringement of the

'511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 35 of the Complaint, and, on that basis, denies those allegations.

36. Plaintiff further pleads in the alternative that Apple, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Accused Apple Software of at least claim 32 of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by Apple in connection with the software for use by end users in practicing the patented methods, knowing that such software is especially made or especially adapted for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 36 of the Complaint, and, on that basis, denies those allegations.

37. Apple's direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 37 of the Complaint, and, on that basis, denies those allegations.

38. Unless enjoined by the Court, Apple will continue to injure SRS by directly infringing, contributing to the infringement of and/or inducing the infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 38 of the Complaint, and, on that basis, denies those allegations.

39. Defendant Activision, by itself and/or its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claim 32 of the '511 patent pursuant to 35 U.S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District. Activision has been and is engaged in direct infringing activities with respect to at least the Madagascar: Escape 2 Africa software application products and possibly other products, which have been designed to enable automated repair functionality for automatically resetting the software application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused Activision Software").

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 39 of the Complaint, and, on that basis, denies those allegations.

40. Defendant Activision has practiced and continues to practice infringing methods by at least one or more of: (1) providing, selling and/or offering for sale the Accused Activision Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Activision in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Activision on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Activision Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Activision is further liable for direct infringement of at least claim 32 of the '511 patent because it practices, directs and controls the accused methods, including any steps thereof which may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused Activision Software, such that Activision is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 40 of the Complaint, and, on that basis, denies those allegations.

41. Plaintiff pleads in the alternative that Activision, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement by end users of the Accused Activision Software of at least claim 32 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one or more of: (1) providing, selling and/or offering for sale the Accused Activision Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Activision in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Activision on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Activision Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Activision has engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct infringement of the '511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 41 of the Complaint, and, on that basis, denies those allegations.

42. Plaintiff further pleads in the alternative that Activision, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Accused Activision Software of at least claim 32 of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by Activision in connection with the software for use by end users in practicing the patented methods, knowing that such software is especially made or especially adapted for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 42 of the Complaint, and, on that basis, denies those allegations.

43. Activision's direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 43 of the Complaint, and, on that basis, denies those allegations.

44. Unless enjoined by the Court, Activision will continue to injure SRS by directly infringing, contributing to the infringement of and/or inducing the infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 44 of the Complaint, and, on that basis, denies those allegations.

45. Defendant Adobe, by itself and/or its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District. Adobe has been and is engaged in direct infringing activities with respect to at least the Photoshop CS2 software application products and possibly other products, which have been designed to enable automated repair functionality for automatically resetting the software application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused Adobe Software").

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 45 of the Complaint, and, on that basis, denies those allegations.

46. Defendant Adobe has practiced and continues to practice infringing methods by at least one or more of: (1) providing, selling and/or offering for sale the

Accused Adobe Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Adobe in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Adobe on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Adobe Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Adobe is further liable for direct infringement of at least claims 32, 33, 34 and 36 of the '511 patent because it practices, directs and controls the accused methods, including any steps thereof which may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused Adobe Software, such that Adobe is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

      **ANSWER:**   Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 46 of the Complaint, and, on that basis, denies those allegations.

      47.    Plaintiff pleads in the alternative that Adobe, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement by end users of the Accused Adobe Software of at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one or more of: (1) providing, selling and/or offering for sale the Accused Adobe Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Adobe in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Adobe on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Adobe Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Adobe has engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct infringement of the '511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

      **ANSWER:**   Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 47 of the Complaint, and, on that basis, denies those allegations.

48.    Plaintiff further pleads in the alternative that Adobe, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Accused Adobe Software of at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by Adobe in connection with the software for use by end users in practicing the patented methods, knowing that such software is especially made or especially adapted for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:**    Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 48 of the Complaint, and, on that basis, denies those allegations.

49.    Adobe's direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:**    Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 49 of the Complaint, and, on that basis, denies those allegations.

50.    Unless enjoined by the Court, Adobe will continue to injure SRS by directly infringing, contributing to the infringement of and/or inducing the infringement of the '511 patent.

**ANSWER:**    Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 50 of the Complaint, and, on that basis, denies those allegations.

51.    Defendant Autodesk, by itself and/or its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District. Autodesk has been and is engaged in direct infringing activities with respect to at least the Autodesk Algor Simulation and Autodesk 3dx Max software application products and

possibly other products, which have been designed to enable automated repair functionality for automatically resetting the software application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused Autodesk Software").

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 51 of the Complaint, and, on that basis, denies those allegations.

52. Defendant Autodesk has practiced and continues to practice infringing methods by at least one or more of: (1) providing, selling and/or offering for sale the Accused Autodesk Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Autodesk in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Autodesk on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Autodesk Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Autodesk is further liable for direct infringement of at least claims 32, 33, 34 and 36 of the '511 patent because it practices, directs and controls the accused methods, including any steps thereof which may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused Autodesk Software, such that Autodesk is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 52 of the Complaint, and, on that basis, denies those allegations.

53. Plaintiff pleads in the alternative that Autodesk, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement by end users of the Accused Autodesk Software of at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one or more of: (1) providing, selling and/or offering for sale the Accused Autodesk Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Autodesk in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by

Autodesk on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Autodesk Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Autodesk has engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct infringement of the '511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 53 of the Complaint, and, on that basis, denies those allegations.

54. Plaintiff further pleads in the alternative that Autodesk, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Accused Autodesk Software of at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by Autodesk in connection with the software for use by end users in practicing the patented methods, knowing that such software is especially made
or especially adapted for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 54 of the Complaint, and, on that basis, denies those allegations.

55. Autodesk's direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 55 of the Complaint, and, on that basis, denies those allegations.

56.    Unless enjoined by the Court, Autodesk will continue to injure SRS by directly infringing, contributing to the infringement of and/or inducing the infringement of the '511 patent.

**ANSWER:**   Nuance is without knowledge or information sufficient to form a

belief as to the truth of the statements in Paragraph 56 of the Complaint, and, on that

basis, denies those allegations.

57.    Defendant Capcom, by itself and/or its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claims 32, 33 and 34 of the '511 patent pursuant to 35 U.S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District. Capcom has been and is engaged in direct infringing activities with respect to at least the Devil May Cry software application products and possibly other products, which have been designed to enable automated repair functionality for automatically resetting the software application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused Capcom Software").

**ANSWER:**   Nuance is without knowledge or information sufficient to form a

belief as to the truth of the statements in Paragraph 57 of the Complaint, and, on that

basis, denies those allegations.

58.    Defendant Capcom has practiced and continues to practice infringing methods by at least one or more of: (1) providing, selling and/or offering for sale the Accused Capcom Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Capcom in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Capcom on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Capcom Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Capcom is further liable for direct infringement of at least claims 32, 33 and 34 of the '511 patent because it practices, directs and controls the accused methods, including any steps thereof which may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused Capcom Software, such that Capcom is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 58 of the Complaint, and, on that basis, denies those allegations.

59. Plaintiff pleads in the alternative that Capcom, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement by end users of the Accused Capcom Software of at least claims 32, 33 and 34 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one or more of: (1) providing, selling and/or offering for sale the Accused Capcom Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Capcom in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Capcom on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Capcom Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Capcom has engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct infringement of the '511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 59 of the Complaint, and, on that basis, denies those allegations.

60. Plaintiff further pleads in the alternative that Capcom, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Accused Capcom Software of at least claims 32, 33 and 34 of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by Capcom in connection with the software for use by end users in practicing the patented methods, knowing that such software is especially made or especially adapted for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 60 of the Complaint, and, on that basis, denies those allegations.

61. Capcom's direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 61 of the Complaint, and, on that basis, denies those allegations.

62. Unless enjoined by the Court, Capcom will continue to injure SRS by directly infringing, contributing to the infringement of and/or inducing the infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 62 of the Complaint, and, on that basis, denies those allegations.

63. Defendant Citrix, by itself and/or its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claim 32 of the '511 patent pursuant to 35 U.S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District. Citrix has been and is engaged in direct infringing activities with respect to at least the XenCenter 5.5 software application products and possibly other products, which have been designed to enable automated repair functionality for automatically resetting the software application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused Citrix Software").

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 63 of the Complaint, and, on that basis, denies those allegations.

64. Defendant Citrix has practiced and continues to practice infringing methods by at least one or more of: (1) providing, selling and/or offering for sale the

Accused Citrix Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Citrix in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Citrix on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Citrix Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Citrix is further liable for direct infringement of at least claim 32 of the '511 patent because it practices, directs and controls the accused methods, including any steps thereof which may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused Citrix Software, such that Citrix is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 64 of the Complaint, and, on that basis, denies those allegations.

65.     Plaintiff pleads in the alternative that Citrix, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement by end users of the Accused Citrix Software of at least claim 32 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one or more of (1) providing, selling and/or offering for sale the Accused Citrix Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Citrix in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Citrix on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Citrix Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Citrix has engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct infringement of the '511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 65 of the Complaint, and, on that basis, denies those allegations.

66.     Plaintiff further pleads in the alternative that Citrix, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Accused Citrix Software of at least claim 32 of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by Citrix in connection with the software for use by end users in practicing the 'patented methods, knowing that such software is especially made or especially adapted for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:**     Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 66 of the Complaint, and, on that basis, denies those allegations.

67.     Citrix's direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:**     Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 67 of the Complaint, and, on that basis, denies those allegations.

68.     Unless enjoined by the Court, Citrix will continue to injure SRS by directly infringing, contributing to the infringement of and/or inducing the infringement of the '511 patent.

**ANSWER:**     Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 68 of the Complaint, and, on that basis, denies those allegations.

69.     The Corel Defendants, and each of them, jointly and severally, and/or through their subsidiaries, affiliates, agents, arid/or business partners, have in the past and continue to directly infringe at least claim 32 of the '511 patent pursuant to 35 U.S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District. The Corel Defendants have been and are engaged in direct infringing activities with respect to at least the WordPerfect software application products and

possibly other products, which have been designed to enable automated repair functionality for automatically resetting the software application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused Corel Software").

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 69 of the Complaint, and, on that basis, denies those allegations.

70. The Corel Defendants have practiced and continue to practice infringing methods by at least one or more of: (1) providing, selling and/or offering for sale the Accused Corel Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by the Corel Defendants in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by the Corel Defendants on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Corel Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. The Corel Defendants are further liable for direct infringement of at least claim 32 of the '511 patent because they practice, direct and control the accused methods, including any steps thereof which may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused Corel Software, such that the Corel Defendants are jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 70 of the Complaint, and, on that basis, denies those allegations.

71. Plaintiff pleads in the alternative that the Corel Defendants, jointly and severally, and/or through their subsidiaries, affiliates, agents, and/or business partners, have induced and/or will continue to induce the direct infringement by end users of the Accused Corel Software of at least claim 32 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one or more of: (1) providing, selling and/or offering for sale the Accused Corel Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by the Corel Defendants in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as

intended by the Corel Defendants on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Corel Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. The Corel Defendants have engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct infringement of the '511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 71 of the Complaint, and, on that basis, denies those allegations.

72. Plaintiff further pleads in the alternative that the Corel Defendants, jointly and severally, and/or through their subsidiaries, affiliates, agents, and/or business partners, have contributed to and/or will continue to contribute to the direct infringement by end users of the Accused Corel Software of at least claim 32 of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by the Corel Defendants in connection with the software for use by end users in practicing the patented methods, knowing that such software is especially made or especially adapted for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 72 of the Complaint, and, on that basis, denies those allegations.

73. The Corel Defendants' direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 73 of the Complaint, and, on that basis, denies those allegations.

74.     Unless enjoined by the Court, the Corel Defendants will continue to injure SRS by directly infringing, contributing to the infringement of and/or inducing the infringement of the '511 patent.

**ANSWER:**   Nuance is without knowledge or information sufficient to form a

belief as to the truth of the statements in Paragraph 74 of the Complaint, and, on that

basis, denies those allegations.

75.     Defendant Dassault, by itself and/or its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claims 32, 33 and 34 of the '511 patent pursuant to 35 U.S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District. Dassault has been and is engaged in direct infringing activities with respect to at least the Dymola software application products and possibly other products, which have been designed to enable automated repair functionality for automatically resetting the software application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused Dassault Software").

**ANSWER:**   Nuance is without knowledge or information sufficient to form a

belief as to the truth of the statements in Paragraph 75 of the Complaint, and, on that

basis, denies those allegations.

76.     Defendant Dassault has practiced and continues to practice infringing methods by at least one or more of: (1) providing, selling and/or offering for sale the Accused Dassault Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Dassault in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Dassault on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Dassault Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Dassault is further liable for direct infringement of at least claims 32, 33 and 34 of the '511 patent because it practices, directs and controls the accused methods, including any steps thereof which may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused Dassault Software, such that Dassault is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 76 of the Complaint, and, on that basis, denies those allegations.

77.     Plaintiff pleads in the alternative that Dassault, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement by end users of the Accused Dassault Software of at least claims 32, 33 and 34 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one or more of: (1) providing, selling and/or offering for sale the Accused Dassault Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Dassault in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Dassault on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Dassault Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Dassault has engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct infringement of the '511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 77 of the Complaint, and, on that basis, denies those allegations.

78.     Plaintiff further pleads in the alternative that Dassault, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Accused Dassault Software of at least claims 32, 33 and 34 of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by Dassault in connection with the software for use by end users in practicing the patented methods, knowing that such software is especially made or especially adapted for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 78 of the Complaint, and, on that basis, denies those allegations.

79. Dassault's direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 79 of the Complaint, and, on that basis, denies those allegations.

80. Unless enjoined by the Court, Dassault will continue to injure SRS by directly infringing, contributing to the infringement of and/or inducing the infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 80 of the Complaint, and, on that basis, denies those allegations.

81. Defendant Delcam, by itself and/or its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claims 32, 33 and 34 of the '511 patent pursuant to 35 U.S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District. Delcam has been and is engaged in direct infringing activities with respect to at least the PowerSHAPE-e 2010 software application products and possibly other products, which have been designed to enable automated repair functionality for automatically resetting the software application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused Delcam Software").

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 81 of the Complaint, and, on that basis, denies those allegations.

82. Defendant Delcam has practiced and continues to practice infringing methods by at least one or more of: (1) providing, selling and/or offering for sale the

Accused Delcam Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Delcam in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Delcam on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Delcam Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Delcam is further liable for direct infringement of at least claims 32, 33 and 34 of the '511 patent because it practices, directs and controls the accused methods, including any steps thereof which may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused Delcam Software, such that Delcam is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 82 of the Complaint, and, on that basis, denies those allegations.

83. Plaintiff pleads in the alternative that Delcam, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement by end users of the Accused Delcam Software of at least claims 32, 33 and 34 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one or more of: (1) providing, selling and/or offering for sale the Accused Delcam Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Delcam in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Delcam on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Delcam Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Delcam has engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct infringement of the '511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 83 of the Complaint, and, on that basis, denies those allegations.

84.    Plaintiff further pleads in the alternative that Delcam, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Accused Delcam Software of at least claims 32, 33 and 34 of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by Delcam in connection with the software for use by end users in practicing the patented methods, knowing that such software is especially made or especially adapted for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:**    Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 84 of the Complaint, and, on that basis, denies those allegations.

85.    Delcam's direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:**    Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 85 of the Complaint, and, on that basis, denies those allegations.

86.    Unless enjoined by the Court, Delcam will continue to injure SRS by directly infringing, contributing to the infringement of and/or inducing the infringement of the '511 patent.

**ANSWER:**    Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 86 of the Complaint, and, on that basis, denies those allegations.

87.    Defendant Square Enix, by itself and/or its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U. S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District. Square Enix has been and is engaged in direct infringing activities with respect to at least the Battlestations: Pacific software application products and possibly other products,

34

which have been designed to enable automated repair functionality for automatically resetting the software application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused Square Enix Software").

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 87 of the Complaint, and, on that basis, denies those allegations.

88. Defendant Square Enix has practiced and continues to practice infringing methods by at least one or more of: (1) providing, selling and/or offering for sale the Accused Square Enix Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Square Enix in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Square Enix on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Square Enix Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Square Enix is further liable for direct infringement of at least claims 32, 33, 34 and 36 of the '511 patent because it practices, directs and controls the accused methods, including any steps thereof which may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused Square Enix Software, such that Square Enix is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 88 of the Complaint, and, on that basis, denies those allegations.

89. Plaintiff pleads in the alternative that Square Enix, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement by end users of the Accused Square Enix Software of at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one or more of: (1) providing, selling and/or offering for sale the Accused Square Enix Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Square Enix in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as

intended by Square Enix on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Square Enix Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Square Enix has engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct infringement of the '511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

**ANSWER:**   Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 89 of the Complaint, and, on that basis, denies those allegations.

90.    Plaintiff further pleads in the alternative that Square Enix, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Accused Square Enix Software of at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by Square Enix in connection with the software for use by end users in practicing the patented methods, knowing that such software is especially made or especially adapted for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:**   Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 90 of the Complaint, and, on that basis, denies those allegations.

91.    Square Enix's direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:**   Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 91 of the Complaint, and, on that basis, denies those allegations.

92.     Unless enjoined by the Court, Square Enix will continue to injure SRS by directly infringing, contributing to the infringement of and/or inducing the infringement of the '511 patent.

**ANSWER:**     Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 92 of the Complaint, and, on that basis, denies those allegations.

93.     Defendant EA, by itself and/or its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claims 32, 33 and 34 of the '511 patent pursuant to 35 U.S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District. EA has been and is engaged in direct infringing activities with respect to at least the Hellgate London software application products and possibly other products, which have been designed to enable automated repair functionality for automatically resetting the software application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused EA Software").

**ANSWER:**     Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 93 of the Complaint, and, on that basis, denies those allegations.

94.     Defendant EA has practiced and continues to practice infringing methods by at least one or more of: (1) providing, selling and/or offering for sale the Accused EA Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by EA in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by EA on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused EA Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. EA is further liable for direct infringement of at least claims 32, 33 and 34 of the '511 patent because it practices, directs and controls the accused methods, including any steps thereof which may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused EA Software, such that EA is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

**ANSWER:**    Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 94 of the Complaint, and, on that basis, denies those allegations.

95.    Plaintiff pleads in the alternative that EA, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement by end users of the Accused EA Software of at least claims 32, 33 and 34 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one or more of: (1) providing, selling and/or offering for sale the Accused EA Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by EA in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by EA on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused EA Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. EA has engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct infringement of the '511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

**ANSWER:**    Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 95 of the Complaint, and, on that basis, denies those allegations.

96.    Plaintiff further pleads in the alternative that EA, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Accused EA Software of at least claims 32, 33 and 34 of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by EA in connection with the software for use by end users in practicing the patented methods, knowing that such software is especially made or especially adapted for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:**   Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 96 of the Complaint, and, on that basis, denies those allegations.

97.   EA's direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:**   Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 97 of the Complaint, and, on that basis, denies those allegations.

98.   Unless enjoined by the Court, EA will continue to injure SRS by directly infringing, contributing to the infringement of and/or inducing the infringement of the '511 patent.

**ANSWER:**   Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 98 of the Complaint, and, on that basis, denies those allegations.

99.   Defendant Frontrange, by itself and/or its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District. Frontrange has been and is engaged in direct infringing activities with respect to at least the Goldmine Premium Edition software application products and possibly other products, which have been designed to enable automated repair functionality for automatically resetting the software application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused Frontrange Software").

**ANSWER:**   Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 99 of the Complaint, and, on that basis, denies those allegations.

100.    Defendant Frontrange has practiced and continues to practice infringing methods by at least one or more of: (1) providing, selling and/or offering for sale the Accused Frontrange Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Frontrange in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Frontrange on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Frontrange Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Frontrange is further liable for direct infringement of at least claims 32, 33, 34 and 36 of the '511 patent because it practices, directs and controls the accused methods, including any steps thereof which may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused Frontrange Software, such that Frontrange is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

**ANSWER:**    Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 100 of the Complaint, and, on that basis, denies those allegations.

101.    Plaintiff pleads in the alternative that Frontrange, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement by end users of the Accused Frontrange Software of at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one or more of: (1) providing, selling and/or offering for sale the Accused Frontrange Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Frontrange in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Frontrange on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Frontrange Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Frontrange has engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct infringement of the '511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 101 of the Complaint, and, on that basis, denies those allegations.

102. Plaintiff further pleads in the alternative that Frontrange, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Accused Frontrange Software of at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by Frontrange in connection with the software for use by end users in practicing the patented methods, knowing that such software is especially made or especially adapted for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 102 of the Complaint, and, on that basis, denies those allegations.

103. Frontrange's direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 103 of the Complaint, and, on that basis, denies those allegations.

104. Unless enjoined by the Court, Frontrange will continue to injure SRS by directly infringing; contributing to the infringement of and/or inducing the infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 104 of the Complaint, and, on that basis, denies those allegations.

105.    Defendant IBM, by itself and/or its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District. IBM has been and is engaged in direct infringing activities with respect to at least the Lotus Notes software application products and possibly other products, which have been designed to enable automated repair functionality for automatically resetting the software application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused IBM Software").

**ANSWER:**    Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 105 of the Complaint, and, on that basis, denies those allegations.

106.    Defendant IBM has practiced and continues to practice infringing methods by at least one or more of: (1) providing, selling and/or offering for sale the Accused IBM Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by IBM in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by IBM on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused IBM Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. IBM is further liable for direct infringement of at least claims 32, 33, 34 and 36 of the '511 patent because it practices, directs and controls the accused methods, including any steps thereof which may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused IBM Software, such that IBM is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

**ANSWER:**    Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 106 of the Complaint, and, on that basis, denies those allegations.

107.    Plaintiff pleads in the alternative that IBM, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement by end users of the Accused IBM Software of at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one

or more of: (1) providing, selling and/or offering for sale the Accused IBM Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by IBM in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by IBM on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused IBM Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. IBM has engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct infringement of the '511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 107 of the Complaint, and, on that basis, denies those allegations.

108. Plaintiff further pleads in the alternative that IBM, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Accused IBM Software of at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by IBM in connection with the software for use by end users in practicing the patented methods, knowing that such software is especially made or especially adapted for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 108 of the Complaint, and, on that basis, denies those allegations.

109. IBM's direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 109 of the Complaint, and, on that basis, denies those allegations.

110. Unless enjoined by the Court, IBM will continue to injure SRS by directly infringing, contributing to the infringement of and/or inducing the infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 110 of the Complaint, and, on that basis, denies those allegations.

111. Defendant Intuit, by itself and/or its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District. Intuit has been and is engaged in direct infringing activities with respect to at least the Quick Books Accountant 2010 software application products and possibly other products, which have been designed to enable automated repair functionality for automatically resetting the software application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused Intuit Software").

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 111 of the Complaint, and, on that basis, denies those allegations.

112. Defendant Intuit has practiced and continues to practice infringing methods by at least one or more of: (1) providing, selling and/or offering for sale the Accused Intuit Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Intuit in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Intuit on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Intuit Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Intuit is further liable for

44

direct infringement of at least claims 32, 33, 34 and 36 of the '511 patent because it practices, directs and controls the accused methods, including any steps thereof which may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused Intuit Software, such that Intuit is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

**ANSWER:**     Nuance is without knowledge or information sufficient to form a

belief as to the truth of the statements in Paragraph 112 of the Complaint, and, on that

basis, denies those allegations.

113.    Plaintiff pleads in the alternative that Intuit, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement by end users of the Accused Intuit Software of at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one or more of (1) providing, selling and/or offering for sale the Accused Intuit Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Intuit in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Intuit on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Intuit Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Intuit has engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct infringement of the '511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

**ANSWER:**     Nuance is without knowledge or information sufficient to form a

belief as to the truth of the statements in Paragraph 113 of the Complaint, and, on that

basis, denies those allegations.

114.    Plaintiff further pleads in the alternative that Intuit, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Accused Intuit Software of at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by Intuit in connection with the software for use by end users in practicing

the patented methods, knowing that such software is especially made or especially adapted for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

      **ANSWER:**   Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 114 of the Complaint, and, on that basis, denies those allegations.

      115.   Intuit's direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

      **ANSWER:**   Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 115 of the Complaint, and, on that basis, denies those allegations.

      116.   Unless enjoined by the Court, Intuit will continue to injure SRS by directly infringing, contributing to the infringement of and/or inducing the infringement of the '511 patent.

      **ANSWER:**   Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 116 of the Complaint, and, on that basis, denies those allegations.

      117.   Defendant Konami, by itself and/or its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claim 32 of the '511 patent pursuant to 35 U.S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District. Konami has been and is engaged in direct infringing activities with respect to at least the Pro Evolution Soccer software application products and possibly other products, which have been designed to enable automated repair functionality for automatically resetting the software application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused Konami Software").

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 117 of the Complaint, and, on that basis, denies those allegations.

118. Defendant Konami has practiced and continues to practice infringing methods by at least one or more of: (1) providing, selling and/or offering for sale the Accused Konami Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Konami in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Konami on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Konami Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Konami is further liable for direct infringement of at least claim 32 of the '511 patent because it practices, directs and controls the accused methods, including any steps thereof which may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused Konami Software, such that Konami is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 118 of the Complaint, and, on that basis, denies those allegations.

119. Plaintiff pleads in the alternative that Konami, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement by end users of the Accused Konami Software of at least claim 32 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one or more of: (1) providing, selling and/or offering for sale the Accused Konami Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Konami in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Konami on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Konami Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Konami has engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct infringement of the

'511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 119 of the Complaint, and, on that basis, denies those allegations.

120. Plaintiff further pleads in the alternative that Konami, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Accused Konami Software of at least claim 32 of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by Konami in connection with the software for use by end users in practicing the patented methods, knowing that such software is especially made or especially adapted for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 120 of the Complaint, and, on that basis, denies those allegations.

121. Konami's direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 121 of the Complaint, and, on that basis, denies those allegations.

122. Unless enjoined by the Court, Konami will continue to injure SRS by directly infringing, contributing to the infringement of and/or inducing the infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 122 of the Complaint, and, on that basis, denies those allegations.

123. Defendant Maximizer, by itself and/or its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claims 32 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District. Maximizer has been and is engaged in direct infringing activities with respect to at least the Maximizer CRM 10 Entrepreneur Edition software application products and possibly other products, which have been designed to enable automated repair functionality for automatically resetting the software application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused Maximizer Software").

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 123 of the Complaint, and, on that basis, denies those allegations.

124. Defendant Maximizer has practiced and continues to practice infringing methods by at least one or more of: (1) providing, selling and/or offering for sale the Accused Maximizer Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Maximizer in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Maximizer on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Maximizer Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Maximizer is further liable for direct infringement of at least claims 32 and 36 of the '511 patent because it practices, directs and controls the accused methods, including any steps thereof which may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused Maximizer Software, such that Maximizer is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 124 of the Complaint, and, on that basis, denies those allegations.

125.     Plaintiff pleads in the alternative that Maximizer, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement by end users of the Accused Maximizer Software of at least claims 32 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one or more of: (1) providing, selling and/or offering for sale the Accused Maximizer Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Maximizer in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Maximizer on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Maximizer Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Maximizer has engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct infringement of the '511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 125 of the Complaint, and, on that basis, denies those allegations.

126.     Plaintiff further pleads in the alternative that Maximizer, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Accused Maximizer Software of at least claims 32 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by Maximizer in connection with the software for use by end users in practicing the patented methods, knowing that such software is especially made or especially adapted for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 126 of the Complaint, and, on that basis, denies those allegations.

127. Maximizer's direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 127 of the Complaint, and, on that basis, denies those allegations.

128. Unless enjoined by the Court, Maximizer will continue to injure SRS by directly infringing, contributing to the infringement of and/or inducing the infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 128 of the Complaint, and, on that basis, denies those allegations.

129. Defendant Nuance, by itself and/or its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District. Nuance has been and is engaged in direct infringing activities with respect to at least the PDF Converter 3 software application products and possibly other products, which have been designed to enable automated repair functionality for automatically resetting the software application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused Nuance Software").

**ANSWER:** Nuance denies the allegations in Paragraph 129 of the Complaint.

130. Defendant Nuance has practiced and continues to practice infringing methods by at least one or more of: (1) providing, selling and/or offering for sale the Accused Nuance Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Nuance in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software

is installed and managed such that, when the software is operated as intended by Nuance on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Nuance Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Nuance is further liable for direct infringement of at least claims 32, 33, 34 and 36 of the '511 patent because it practices, directs and controls the accused methods, including any steps thereof which may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused Nuance Software, such that Nuance is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

**ANSWER:** Nuance denies the allegations in Paragraph 130 of the Complaint.

131. Plaintiff pleads in the alternative that Nuance, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement by end users of the Accused Nuance Software of at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one or more of: (1) providing, selling and/or offering for sale the Accused Nuance Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Nuance in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Nuance on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Nuance Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Nuance has engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct infringement of the '511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

**ANSWER:** Nuance denies the allegations in Paragraph 131 of the Complaint.

132. Plaintiff further pleads in the alternative that Nuance, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Accused Nuance Software of at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by Nuance in connection with the software for use by end users in practicing the patented methods, knowing that such software is especially made or especially adapted for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:**     Nuance denies the allegations in Paragraph 132 of the Complaint.

133.    Nuance's direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:**     Nuance denies the allegations in Paragraph 133 of the Complaint.

134.    Unless enjoined by the Court, Nuance will continue to injure SRS by directly infringing, contributing to the infringement of and/or inducing the infringement of the '511 patent.

**ANSWER:**     Nuance denies the allegations in Paragraph 134 of the Complaint.

135.    Defendant PTC, by itself and/or its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District. PTC has been and is engaged in direct infringing activities with respect to at least the Mathcad software application products and possibly other products, which have been designed to enable automated repair functionality for automatically resetting the software application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused PTC Software").

**ANSWER:**     Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 135 of the Complaint, and, on that basis, denies those allegations.

136.    Defendant PTC has practiced and continues to practice infringing methods by at least one or more of: (1) providing, selling and/or offering for sale the Accused PTC Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by PTC in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by PTC on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused PTC Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. PTC is further liable for direct infringement of at least claims 32, 33, 34 and 36 of the '511 patent because it practices, directs and controls the accused methods, including any steps thereof which

may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused PTC Software, such that PTC is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 136 of the Complaint, and, on that basis, denies those allegations.

137. Plaintiff pleads in the alternative that PTC, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement by end users of the Accused PTC Software of at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one or more of: (1) providing, selling and/or offering for sale the Accused PTC Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by PTC in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by PTC on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused PTC Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. PTC has engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct infringement of the '511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 137 of the Complaint, and, on that basis, denies those allegations.

138. Plaintiff further pleads in the alternative that PTC, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Accused PTC Software of at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by PTC in connection with the software for use by end users in practicing the patented methods, knowing that such software is especially made or especially adapted

for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 138 of the Complaint, and, on that basis, denies those allegations.

139. PTC's direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 139 of the Complaint, and, on that basis, denies those allegations.

140. Unless enjoined by the Court, PTC will continue to injure SRS by directly infringing, contributing to the infringement of and/or inducing the infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 140 of the Complaint, and, on that basis, denies those allegations.

141. Defendant Sage, by itself and/or its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claims 32, 33 and 34 of the '511 patent pursuant to 35 U.S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District. Sage has been and is engaged in direct infringing activities with respect to at least the Simply Accounting software application products and possibly other products, which have been designed to enable automated repair functionality for automatically resetting the software application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused Sage Software").

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 141 of the Complaint, and, on that basis, denies those allegations.

142.    Defendant Sage has practiced and continues to practice infringing methods by at least one or more of: (1) providing, selling and/or offering for sale the Accused Sage Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Sage in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Sage on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Sage Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Sage is further liable for direct infringement of at least claims 32, 33 and 34 of the '511 patent because it practices, directs and controls the accused methods, including any steps thereof which may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused Sage Software, such that Sage is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

**ANSWER:**    Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 142 of the Complaint, and, on that basis, denies those allegations.

143.    Plaintiff pleads in the alternative that Sage, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement by end users of the Accused Sage Software of at least claims 32, 33 and 34 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one or more of: (1) providing, selling and/or offering for sale the Accused Sage Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Sage in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Sage on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Sage Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Sage has engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct infringement of the '511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 143 of the Complaint, and, on that basis, denies those allegations.

144. Plaintiff further pleads in the alternative that Sage, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Accused Sage Software of at least claims 32, 33 and 34 of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by Sage in connection with the software for use by end users in practicing the patented methods, knowing that such software is especially made or especially adapted for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 144 of the Complaint, and, on that basis, denies those allegations.

145. Sage's direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 145 of the Complaint, and, on that basis, denies those allegations.

146. Unless enjoined by the Court, Sage will continue to injure SRS by directly infringing, contributing to the infringement of and/or inducing the infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 146 of the Complaint, and, on that basis, denies those allegations.

147.    Defendant SEGA, by itself and/or its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claims 32 and 33 of the '511 patent pursuant to 35 U.S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District. SEGA has been and is engaged in direct infringing activities with respect to at least the SEGA Rally REVO software application product and possibly other products, which have been designed to enable automated repair functionality for automatically resetting the software application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused SEGA Software").

**ANSWER:**    Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 147 of the Complaint, and, on that basis, denies those allegations.

148.    Defendant SEGA has practiced and continues to practice infringing methods by at least one or more of: (1) providing, selling and/or offering for sale the Accused SEGA Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by SEGA in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by SEGA on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused SEGA Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. SEGA is further liable for direct infringement of at least claims 32 and 33 of the '511 patent because it practices, directs and controls the accused methods, including any steps thereof which may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused SEGA Software, such that SEGA is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

**ANSWER:**    Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 148 of the Complaint, and, on that basis, denies those allegations.

149.    Plaintiff pleads in the alternative that SEGA, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement by end users of the Accused SEGA Software of at least claims 32 and 33 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one or

more of: (1) providing, selling and/or offering for sale the Accused SEGA Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by SEGA in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by SEGA on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused SEGA Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. SEGA has engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct infringement of the '511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 149 of the Complaint, and, on that basis, denies those allegations.

150. Plaintiff further pleads in the alternative that SEGA, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Accused SEGA Software of at least claims 32 and 33 of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by SEGA in connection with the software for use by end users in practicing the patented methods, knowing that such software is especially made or especially adapted for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 150 of the Complaint, and, on that basis, denies those allegations.

151. SEGA's direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 151 of the Complaint, and, on that basis, denies those allegations.

152. Unless enjoined by the Court, SEGA will continue to injure SRS by directly infringing, contributing to the infringement of and/or inducing the infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 152 of the Complaint, and, on that basis, denies those allegations.

153. Defendant Skype, by itself and/or its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claims 32 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District. Skype has been and is engaged in direct infringing activities with respect to at least the Skype 4.1 software application products and possibly other products, which have been designed to enable automated repair functionality for automatically resetting the software application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused Skype Software").

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 153 of the Complaint, and, on that basis, denies those allegations.

154. Defendant Skype has practiced and continues to practice infringing methods by at least one or more of (1) providing, selling and/or offering for sale the Accused Skype Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Skype in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Skype on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Skype Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Skype is further liable for direct infringement of at least claims 32 and 36 of the '511 patent because it practices,

directs and controls the accused methods, including any steps thereof which may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused Skype Software, such that Skype is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

**ANSWER:** Nuance is without knowledge or information sufficient to form a

belief as to the truth of the statements in Paragraph 154 of the Complaint, and, on that

basis, denies those allegations.

155. Plaintiff pleads in the alternative that Skype, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement by end users of the Accused Skype Software of at least claims 32 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one or more of: (1) providing, selling and/or offering for sale the Accused Skype Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Skype in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Skype on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Skype Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Skype has engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct infringement of the '511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a

belief as to the truth of the statements in Paragraph 155 of the Complaint, and, on that

basis, denies those allegations.

156. Plaintiff further pleads in the alternative that Skype, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Accused Skype Software of at least claims 32 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by Skype in connection with the software for use by end users in practicing the patented methods, knowing that such software is especially made or especially adapted

for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:**  Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 156 of the Complaint, and, on that basis, denies those allegations.

157.  Skype's direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:**  Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 157 of the Complaint, and, on that basis, denies those allegations.

158.  Unless enjoined by the Court, Skype will continue to injure SRS by directly infringing, contributing to the infringement of and/or inducing the infringement of the '511 patent.

**ANSWER:**  Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 158 of the Complaint, and, on that basis, denies those allegations.

159.  Defendant SPSS, by itself and/or its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District. SPSS has been and is engaged in direct infringing activities with respect to at least the IBM SPSS Statistics software application products and possibly other products, which have been designed to enable automated repair functionality for automatically resetting the software application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused SPSS Software").

**ANSWER:**  Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 159 of the Complaint, and, on that basis, denies those allegations.

160. Defendant SPSS has practiced and continues to practice infringing methods by at least one or more of: (1) providing, selling and/or offering for sale the Accused SPSS Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by SPSS in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by SPSS on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused SPSS Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. SPSS is further liable for direct infringement of at least claims 32, 33, 34 and 36 of the '511 patent because it practices, directs and controls the accused methods, including any steps thereof which may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused SPSS Software, such that SPSS is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 160 of the Complaint, and, on that basis, denies those allegations.

161. Plaintiff pleads in the alternative that SPSS, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement by end users of the Accused SPSS Software of at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one or more of: (1) providing, selling and/or offering for sale the Accused SPSS Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by SPSS in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by SPSS on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused SPSS Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. SPSS has engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct infringement of the '511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 161 of the Complaint, and, on that basis, denies those allegations.

162. Plaintiff further pleads in the alternative that SPSS, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Accused SPSS Software of at least claims 32, 33, 34 and 36 of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by SPSS in connection with the software for use by end users in practicing the patented methods, knowing that such software is especially made or especially adapted for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 162 of the Complaint, and, on that basis, denies those allegations.

163. SPSS's direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 163 of the Complaint, and, on that basis, denies those allegations.

164. Unless enjoined by the Court, SPSS will continue to injure SRS by directly infringing, contributing to the infringement of and/or inducing the infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 164 of the Complaint, and, on that basis, denies those allegations.

165.    Defendant Teradata, by itself and/or its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claim 32 of the '511 patent pursuant to 35 U.S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District. Teradata has been and is engaged in direct infringing activities with respect to at least the Teradata Warehouse Miner software application products and possibly other products, which have been designed to enable automated repair functionality for automatically resetting the software application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused Teradata Software").

**ANSWER:**    Nuance is without knowledge or information sufficient to form a

belief as to the truth of the statements in Paragraph 165 of the Complaint, and, on that

basis, denies those allegations.

166.    Defendant Teradata has practiced and continues to practice infringing methods by at least one or more of: (1) providing, selling and/or offering for sale the Accused Teradata Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Teradata in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Teradata on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Teradata Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Teradata is further liable for direct infringement of at least claim 32 of the '511 patent because it practices, directs and controls the accused methods, including any steps thereof which may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused Teradata Software, such that Teradata is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

**ANSWER:**    Nuance is without knowledge or information sufficient to form a

belief as to the truth of the statements in Paragraph 166 of the Complaint, and, on that

basis, denies those allegations.

167.    Plaintiff pleads in the alternative that Teradata, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement by end users of the Accused Teradata Software of at least claim 32 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one or more

of: (1) providing, selling and/or offering for sale the Accused Teradata Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Teradata in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Teradata on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Teradata Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Teradata has engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct infringement of the '511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 167 of the Complaint, and, on that basis, denies those allegations.

168. Plaintiff further pleads in the alternative that Teradata, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Accused Teradata Software of at least claim 32 of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by Teradata in connection with the software for use by end users in practicing the patented methods, knowing that such software is especially made or especially adapted for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 168 of the Complaint, and, on that basis, denies those allegations.

169. Teradata's direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 169 of the Complaint, and, on that basis, denies those allegations.

170. Unless enjoined by the Court, Teradata will continue to injure SRS by directly infringing, contributing to the infringement of and/or inducing the infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 170 of the Complaint, and, on that basis, denies those allegations.

171. Defendant THQ, by itself and/or its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claims 32, 33 and 34 of the '511 patent pursuant to 35 U.S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District. THQ has been and is engaged in direct infringing activities with respect to at least the Cars software application products and possibly other products, which have been designed to enable automated repair functionality for automatically resetting the software application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused THQ Software").

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 171 of the Complaint, and, on that basis, denies those allegations.

172. Defendant THQ has practiced and continues to practice infringing methods by at least one or more of: (1) providing, selling and/or offering for sale the Accused THQ Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by THQ in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by THQ on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused THQ Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. THQ is further liable for direct infringement of at least claims 32, 33 and 34 of the '511 patent because it practices,

directs and controls the accused methods, including any steps thereof which may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused THQ Software, such that THQ is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

**ANSWER:**   Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 172 of the Complaint, and, on that basis, denies those allegations.

173.   Plaintiff pleads in the alternative that THQ, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement by end users of the Accused THQ Software of at least claims 32, 33 and 34 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one or more of: (1) providing, selling and/or offering for sale the Accused THQ Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by THQ in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by THQ on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused THQ Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. THQ has engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct infringement of the '511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

**ANSWER:**   Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 173 of the Complaint, and, on that basis, denies those allegations.

174.   Plaintiff further pleads in the alternative that THQ, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Accused THQ Software of at least claims 32, 33 and 34 of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by THQ in connection with the software for use by end users in practicing the patented methods, knowing that such software is especially made or especially adapted

for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:** Nuance is without knowledge or information sufficient to form a

belief as to the truth of the statements in Paragraph 174 of the Complaint, and, on that

basis, denies those allegations.

175. THQ's direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:** Nuance is without knowledge or information sufficient to form a

belief as to the truth of the statements in Paragraph 175 of the Complaint, and, on that

basis, denies those allegations.

176. Unless enjoined by the Court, THQ will continue to injure SRS by directly infringing, contributing to the infringement of and/or inducing the infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a

belief as to the truth of the statements in Paragraph 176 of the Complaint, and, on that

basis, denies those allegations.

177. Defendant Legacy, by itself and/or its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe at least claims 32, 33 and 34 of the '511 patent pursuant to 35 U.S.C. § 271(a) by using the methods protected thereby to manage software products made, used, sold, offered for sale, imported and/or otherwise provided within the United States and within this District. Legacy has been and is engaged in direct infringing activities with respect to at least the Law & Order Criminal Intent software application products and possibly other products, which have been designed to enable automated repair functionality for automatically resetting the software application to a preferred configuration during use based on an automated comparison of prior and current configuration status ("Accused Legacy Software").

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 177 of the Complaint, and, on that basis, denies those allegations.

178. Defendant Legacy has practiced and continues to practice infringing methods by at least one or more of: (1) providing, selling and/or offering for sale the Accused Legacy Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Legacy in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Legacy on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Legacy Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Legacy is further liable for direct infringement of at least claims 32, 33 and 34 of the '511 patent because it practices, directs and controls the accused methods, including any steps thereof which may be practiced by third-party software components of end user's computers according to the requirements of and subject to the control of the Accused Legacy Software, such that Legacy is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 178 of the Complaint, and, on that basis, denies those allegations.

179. Plaintiff pleads in the alternative that Legacy, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement by end users of the Accused Legacy Software of at least claims 32, 33 and 34 of the '511 patent pursuant to 35 U.S.C. § 271(b) at least by one or more of: (1) providing, selling and/or offering for sale the Accused Legacy Software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established by Legacy in connection with the software; (2) dictating via its design and instructions to users thereof the manner in which the software is installed and managed such that, when the software is operated as intended by Legacy on a computer of an end user, each step of the patented method is performed in a manner dictated by the Accused Legacy Software; (3) providing instructions and directions to end users regarding the installation and management of the software; and (4) providing ongoing support and maintenance for the software to end users. Legacy has engaged and/or will continue to engage in these activities with specific intent to cause and/or encourage such direct

infringement of the '511 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 179 of the Complaint, and, on that basis, denies those allegations.

180. Plaintiff further pleads in the alternative that Legacy, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Accused Legacy Software of at least claims 32, 33 and 34 of the '511 patent pursuant to 35 U.S.C. § 271(c) at least by providing, selling and/or offering for sale the software that is designed and intended to enable and control automated repair functionality in accordance with application configuration and management specifications and settings established and provided by Legacy in connection with the software for use by end users in practicing the patented methods, knowing that such software is especially made or especially adapted for use in infringing the patented methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 180 of the Complaint, and, on that basis, denies those allegations.

181. Legacy's direct infringement, contributory infringement and/or inducement to infringe the '511 patent has injured SRS, and SRS is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 181 of the Complaint, and, on that basis, denies those allegations.

182. Unless enjoined by the Court, Legacy will continue to injure SRS by directly infringing, contributing to the infringement of and/or inducing the infringement of the '511 patent.

**ANSWER:** Nuance is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 182 of the Complaint, and, on that basis, denies those allegations.

## PRAYER FOR RELIEF

WHEREFORE, SRS prays for:

1. Judgment that the '511 patent is valid, enforceable, and infringed by each Defendant;
2. Injunctive relief prohibiting each Defendant, its officers, agents, servants, employees, subsidiaries and affiliated companies, and those persons acting in active concert or participation therewith, from engaging in the aforesaid unlawful acts of patent infringement;
3. An award of damages not less than a reasonable royalty arising out of each Defendant's acts of patent infringement, together with pre-judgment and post-judgment interest;
4. Judgment that the damages so adjudged be trebled in accordance with 35 U.S.C. § 284;
5. An award of SRS's attorneys' fees, costs and expenses incurred in this action in accordance with 35 U.S.C. § 285; and
6. Such other and further relief as the Court may deem just and proper.

**ANSWER:** Nuance denies that SRS is entitled to any of the relief sought against Nuance in its prayer for relief. Nuance has not directly or indirectly infringed the '511 patent, either literally or by the doctrine of equivalents, willfully or otherwise. SRS is not entitled to recover statutory damages, compensatory damages, enhanced damages, an accounting, injunctive relief, costs, fees, interest, or any other type of recovery from Nuance. SRS's prayer should, therefore, be denied in its entirety and with prejudice, and SRS should take nothing.

## ADDITIONAL DEFENSES

As and for its affirmative defenses, Nuance alleges as follows:

## FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

SRS's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE – STANDING

SRS lacks standing to bring this suit.

## THIRD AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

Nuance has not infringed any valid, enforceable claim of the '511 patent in any way, including without limitation, literally or under the doctrine of equivalents, or contributorily or by inducement.

## FOURTH AFFIRMATIVE DEFENSE – INVALIDITY

SRS's alleged claims for infringement of the '511 patent are barred because each and every claim of the '511 patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103 and/or 112.

## FIFTH AFFIRMATIVE DEFENSE – LACHES

SRS's claims are barred in whole or in part by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE – ESTOPPEL

SRS's claims are barred in whole or in part by the doctrine of equitable estoppel, including, but not limited to, the doctrine of prosecution history estoppel.

## COUNTERCLAIMS

Counterclaim-Plaintiff Nuance counterclaims against Counterclaim-Defendant SRS as follows:

## PARTIES

1.      Nuance is a corporation organized under the laws of the State of Delaware and having a principal place of business at 1 Wayside Road, Burlington, Massachusetts 01803.

2.     SRS alleges that it is a limited liability company organized and existing under the laws of the State of Illinois with its principal place of business at 707 Skokie Boulevard, Suite 600, Northbrook, Illinois 60062.

## JURISDICTION AND VENUE

3.     These counterclaims arise under Title 35 of the United States Code. The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4.     SRS is subject to personal jurisdiction in this district because SRS filed this action in this district, and purports to be a limited liability company organized, residing, and doing business in this district.

5.     Venue is proper in this judicial district under 28 U.S.C. § 1391, because SRS is subject to personal jurisdiction in this district.

## FIRST COUNTERCLAIM – DECLARATORY JUDGMENT
### '511 PATENT

6.     Nuance incorporates by reference the allegations of Paragraphs 1, 19, 28-32, and 129-134 of this Answer and Counterclaims.

7.     Nuance counterclaims against SRS pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

8.     In Paragraphs 129-132 of SRS's Complaint, SRS alleges that Nuance has in the past and continues to infringe at least claim 32, 33, 34, and 36 of the '511 patent.

9.     An actual and justiciable controversy exists between SRS and Nuance with respect to the '511 patent because SRS brought this action against Nuance alleging

that Nuance infringes the '511 patent and that the '511 patent is valid and was duly and legally issued, which allegations Nuance denies. Absent a declaration of noninfringement and/or invalidity, SRS will continue to wrongfully assert the '511 patent against Nuance, and thereby cause Nuance irreparable injury and damage.

10. Nuance has not infringed the '511 patent in any manner, willfully or otherwise, and is entitled to a declaration to that effect.

11. The '511 patent is invalid under the provisions of Title 35, United States Code, including without limitation Sections 101, 102, 103, and/or 112, and Nuance is entitled to a declaration to that effect.

12. This is an exceptional case entitling Nuance to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

13. Nuance is entitled to judgment that the '511 patent is invalid and not infringed.

## **PRAYER FOR RELIEF**

WHEREFORE, Nuance prays for judgment as follows on SRS's Complaint and on Nuance's Answer, Affirmative Defenses, and Counterclaims:

A. That SRS's Complaint be dismissed with prejudice and that SRS take nothing;

B. That judgment be entered in favor of Nuance against SRS on SRS's Complaint;

C. For entry of an Order declaring each and every claim of the '511 patent invalid and not infringed by Nuance;

D.      For entry of an Order declaring that SRS and each of its officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with them be restrained and enjoined from further prosecuting or instituting any action against Nuance claiming that the '511 patent is infringed, valid, and/or enforceable, or from representing that Nuance's products or services, or that others' use thereof, infringe the '511 patent.

E.      That pursuant to 35 U.S.C. § 285 and/or other applicable laws, SRS's conduct in commencing and pursuing this action be found to render this an exceptional case and that Nuance be awarded its attorneys' fees incurred in connection with this action;

F.      That SRS be required to pay Nuance's costs of suit; and

G.      That Nuance be awarded such other and further relief as the Court may deem just and proper.

Date: September 10, 2010

Respectfully Submitted,

  /s/ Douglas E. Lumish

Matthew D. Powers (*pro hac vice*)
Douglas E. Lumish (*pro hac vice*)
Christina Marie Von Der Ahe (*pro hac vice*)
Brian Chang (*pro hac vice*)
Luiz Arroyo (*pro hac vice*)
WEIL, GOTSHAL & MANGES, LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
*matthew.powers@weil.com*
*doug.lumish@weil.com*
*christy.vonderahe@weil.com*
*brian.chang@weil.com*
*luiz.arroyo@weil.com*

Stacie R. Hartman (Ill. Bar No. 6237265)
Schiff Hardin LLP
233 S. Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone: (312) 258-5607
Facsimile: (312) 258-5600
*shartman@schiffhardin.com*

*COUNSEL FOR DEFENDANT*
*NUANCE COMMUNICATIONS, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served this 10th day of September, 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). All other counsel will be served by first class mail.

/s/ *Douglas E. Lumish*
Douglas E. Lumish

*COUNSEL FOR DEFENDANT*
*NUANCE COMMUNICATIONS, INC.*