IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SOFTWARE RESTORE SOLUTIONS, LLC, | ) | Case No. 1:10-cv-3628 |
| | ) | |
| Plaintiff, | ) | The Honorable Matthew Kennelly |
| | ) | |
| v. | ) | Magistrate Judge Arlander Keys |
| | ) | |
| APPLE, INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**CORRECTED STIPULATION AND ORDER DOC. NO. 282**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOFTWARE RESTORE SOLUTIONS, LLC, | Civil Action No. 1:10-cv-03628 |
| Plaintiff, | The Honorable Matthew F. Kennelly |
| v. | Magistrate Judge Arlander Keys |
| APPLE, INC., et al. | **STIPULATION AND ORDER OF DISMISSAL** |
| Defendants. | |

The Plaintiff, Software Restore Solutions, LLC ("SRS"), and Defendant, Nuance Communications, Inc. ("Nuance"), hereby stipulate pursuant to FED. R. CIV. P. 41(a) that:

1. The following claims are hereby dismissed WITH PREJUDICE: All claims which were alleged or could have been alleged by SRS against Nuance under U.S. Patent No. 5,832,511 based upon or relating to any automated software repair feature or functionality implemented by using any Microsoft operating system, utility, or software application including, without limitation, all claims which were or could have been alleged by SRS against the PDF Converter 3 product or any other Nuance apparatus, system, product, or process implementing an automated software repair feature using Microsoft Installer, Installer MSI files, InstallShield, or the InstallShield Wizard.

2. All other claims which were or could have been alleged by SRS against Nuance are hereby dismissed WITHOUT PREJUDICE.

3. The following counterclaims and defenses are hereby dismissed WITH PREJUDICE: All counterclaims and defenses of non-infringement of U.S. Patent No. 5,832,511 which were or could have been alleged by Nuance against SRS based upon or relating to SRS's claims against any automated software repair feature or functionality implemented by using any

Microsoft operating system, utility, or software application, including, without limitation, all counterclaims and defenses which were or could have been alleged by Nuance in response to SRS's claims against the PDF Converter 3 product or any other Nuance apparatus, system, product, or process implementing an automated software repair feature using Microsoft Installer, MSI files, InstallShield, or the InstallShield Wizard.

4. All other counterclaims and defenses which were or could have been alleged by Nuance against SRS, including other counterclaims and defenses of patent non-infringement, invalidity and unenforceability, are hereby dismissed WITHOUT PREJUDICE.

5. Each party shall bear its own costs and attorneys' fees.

6. The Court may enter the appurtenant Order of Dismissal.

7. This stipulation of dismissal is not intended as a waiver or release of any claims SRS has against any other party or that such parties have against SRS.

| | |
|---|---|
| Dated: <u>December 16, 2010</u> | Dated: <u>December 16, 2010</u> |
| SOFTWARE RESTORE SOLUTIONS, LLC | NUANCE COMMUNICATIONS, INC. |
| /s/Timothy P. Maloney | /s/ Matthew D. Powers (w/consent) |
| Timothy Maloney (IL 6216483) | Matthew D. Powers |
| Alison Aubry Richards | Douglas E. Lumish |
| Nicole L. Little | Joseph H. Lee |
| David A. Gosse | L. Okey Onyejekwe Jr. |
| FITCH EVEN TABIN & FLANNERY | WEIL, GOTSHAL & MANGES, LLP |
| 120 South LaSalle Street, Suite 1600 | 201 Redwood Shores Parkway |
| Chicago, Illinois 60603 | Redwood Shores, CA 94065 |
| Tel: 312.577.7000 | Tel: 650.802.3000 |
| Fax: 312.577.7007 | Fax: 650.802.3100 |
| Email: tpmalo@fitcheven.com | Email: okey.onyejekwe@weil.com |

Steven C. Schroer
FITCH EVEN TABIN & FLANNERY
1942 Broadway, Suite 213
Boulder, Colorado 80302
Telephone 303.402.6966
Facsimile 303.402.6970

Jessica K. Fender
Stacie R. Hartman
SCHIFF HARDIN LLP
233 S. Wacker Drive, Suite 6600
Chicago, IL 60606
Tel: 312.258.5760
Fax: 312.258.5600
Email: jfender@schiffhardin.com

## ORDER OF DISMISSAL

Based on the foregoing stipulation of the parties, and pursuant to FED. R. CIV. P. 41(a)(2), it is hereby ORDERED:

1. The following claims are hereby dismissed WITH PREJUDICE: All claims which were alleged or could have been alleged by SRS against Nuance under U.S. Patent No. 5,832,511 based upon or relating to any automated software repair feature or functionality implemented by using any Microsoft operating system, utility, or software application including, without limitation, all claims which were or could have been alleged by SRS against the PDF Converter 3 product or any other Nuance apparatus, system, product, or process implementing an automated software repair feature using Microsoft Installer, Installer MSI files, InstallShield, or the InstallShield Wizard.

2. All other claims which were or could have been alleged by SRS against Nuance are hereby dismissed WITHOUT PREJUDICE.

3. The following counterclaims and defenses are hereby dismissed WITH PREJUDICE: All counterclaims and defenses of non-infringement of U.S. Patent No. 5,832,511 which were or could have been alleged by Nuance against SRS based upon or relating to SRS's claims against any automated software repair feature or functionality implemented by using any Microsoft operating system, utility, or software application, including, without limitation, all

counterclaims and defenses which were or could have been alleged by Nuance in response to SRS's claims against the PDF Converter 3 product or any other Nuance apparatus, system, product, or process implementing an automated software repair feature using Microsoft Installer, MSI files, InstallShield, or the InstallShield Wizard.

4. All other counterclaims and defenses which were or could have been alleged by Nuance against SRS, including other counterclaims and defenses of patent non-infringement, invalidity and unenforceability, are hereby dismissed WITHOUT PREJUDICE.

5. Each party shall bear its own costs and attorneys' fees.

6. Nuance is terminated as a defendant.

SO ORDERED this 10th day of January, 2011.

_____
The Honorable Matthew F. Kennelly